Filed 6/30/26  P. v. Basye CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>RICHARD LEE BASYE,<br>　　　　Defendant and Appellant. | C102910<br><br>(Super. Ct. No. 96F04096) |

Defendant appeals from his resentencing in the trial court pursuant to Penal Code[1] section 1172.75, contending the trial court abused its discretion by denying his motion to strike one of his two prior strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1997, defendant was charged with being a felon in possession of a firearm, and it was alleged he had two prior strike convictions and two prior prison terms.  A jury found defendant guilty as charged and found true the prior conviction allegations.  The trial court sentenced defendant to 25 years to life, plus two years for the prior prison term enhancements.

---

[1]　　　Undesignated statutory references are to the Penal Code.

1

"Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) … (Stats. 2019, ch. 590) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) "In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, §§ 1, 3)" (Senate Bill 483), which implemented a recall and resentencing procedure for individuals serving prison sentences including a prior prison term enhancement. (*People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838, 852.) Under that procedure, the Department of Corrections and Rehabilitation (Department) notifies the trial court that a defendant is serving a sentence with a section 667.5, former subdivision (b) enhancement. (§ 1172.75, subd. (b).) The trial court then reviews the current judgment and verifies eligibility. (§ 1172.75, subd. (c).) If eligible, the defendant is resentenced. (*Ibid*.)

In April 2024, defendant's case was assigned for resentencing pursuant to Senate Bill 483.[2] Thereafter, defendant filed a resentencing memorandum asking the trial court to dismiss his two prior prison terms enhancements and strike one of his prior strikes pursuant to *Romero*, *supra*, 13 Cal.4th 497 because his continued incarceration was no longer in the interests of justice given his rehabilitative efforts during his 28 years in prison and his age (53 years old). Defendant further argued he fell outside the spirit of the "Three Strikes" law because all of his strikes were committed in his youth; his commitment offense for possession of a firearm as a felon was a nonviolent, nonserious victimless offense; and his rehabilitative efforts showed true reform and that he no longer presented a danger to society. Accordingly, defendant asked the trial court to resentence

---

[2] The record does not reflect that the trial court received notice from the Department identifying defendant for resentencing pursuant to Senate Bill 483; however, we presume the trial court would not have assigned the matter to a judge for resentencing absent a notice from the Department triggering the resentencing proceedings. (Evid. Code, §§ 664, 666.) The parties do not assert otherwise.

2

him to no more than six years (the upper term of three years, doubled because of the remaining prior strike). Defendant attached voluminous evidence of his rehabilitative efforts to this submission.

The prosecution disagreed, arguing the trial court should strike the two invalid prior prison term enhancements and otherwise reimpose the same sentence, relying on the previous denial of defendant's Proposition 36 petition for recall and resentencing due to ineligibility because he had been armed. Further, the interests of justice would not be served by granting defendant's *Romero* motion given that he was on parole at the time of the commitment offense and had committed more offenses while incarcerated. The prosecution later supplied evidence of defendant's prison rule violations including his February 2020 parole risk assessment, which noted defendant dropped out of a gang months before the parole assessment, had four new convictions during his prison term related to illicit substances, and had admitted to smuggling contraband and selling drugs while in prison. The parole risk assessment also analyzed defendant's youth development and subsequent growth/maturity given that he committed the commitment offense before turning 26. The assessment ultimately concluded defendant presented a high risk of violence if released.

Following the prosecution's filing, defendant submitted additional evidence of rehabilitation, including a letter from his fiancée, additional rehabilitative certificates, and a relapse prevention plan.

At the resentencing hearing, defendant's attorney reiterated the request that the trial court exercise leniency given defendant's extensive rehabilitative efforts, cessation of gang activity, age, and the nonviolent nature of defendant's commitment offense. Defendant had been in contact with a rehabilitation center, which was ready to serve him upon release. Defendant also made a statement, which included in pertinent part that he had been a "juvenile" when he first came to Sacramento at age 20; he was selfish and addicted to drugs but had since been to treatment and was ready to be released. The trial

court confirmed defendant was 25 years old at the time of the commitment offense. The prosecution asked the court to strike only the prison priors, emphasizing defendant's numerous rule violations in prison, including possession of a deadly weapon in 2021, introduction of a controlled substance in 2020, and five rule violations involving violence and controlled substances in 2019. Defendant countered that there had been no rule violations in the last four years, warranting leniency.

Ultimately, the trial court explained its decision to deny defendant's *Romero* motion. The court considered all the information before it, noting defendant's rehabilitative efforts and the court's original tentative ruling to strike one of the strikes. However, in light of the prosecution's supplemental showing concerning defendant's prison rule violations, the court remarked, "[D]espite the fact that he has done all these things, I can't confidently say that he's changed. I think even what he said today, he said that he was a juvenile. When you're 25, you're not a juvenile. You're a grown man. You could fight in the army. You could buy alcohol. You can buy a house. You're considered a grown man." Further, defendant committed prison rule violations into his 40s, including possessing a deadly weapon, numerous instances of distributing a controlled substance, and other violent offenses, including participating in a riot. Against this consistent involvement in serious conduct, the trial court refused to strike one of defendant's strikes despite his conduct over "the last few years." Accordingly, "after considering the totality of the circumstances," the trial court denied defendant's request to strike any of his strikes. The court struck defendant's two prison priors and imposed a sentence of 25 years to life.

Defendant appeals.

## DISCUSSION

Defendant complains the trial court abused its discretion by denying his *Romero* motion to strike one of his two prior strike convictions. Specifically, defendant faults the trial court for stating that he was an adult, not a "juvenile" when he committed the

4

commitment offense at the age of 25.  Defendant argues this is contrary to California law.  Defendant also highlights his reformative efforts, his then current age (over 50), and his age (18 and 22 years old) when he committed his strike offenses (voluntary manslaughter and first degree burglary) as supporting the striking of a strike.  Finally, defendant faults the trial court's reliance on custodial records "that often failed to tell the whole story," asserting those records were insufficient to support the trial court's implied finding that defendant's prison fights had been unreasonable.  We are not persuaded.

The trial court has wide discretion in determining whether to strike a strike under *Romero* and must decide "whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of [the defendant's] background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he[, she, or they] had not previously been convicted of one or more serious and/or violent felonies."  (*People v. Williams* (1998) 17 Cal.4th 148, 161; see *id*. at pp. 158-159.)

We review the trial court's denial of defendant's section 1385 request to strike one or more of his prior strikes for an abuse of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)  "In reviewing for abuse of discretion, we are guided by two fundamental precepts.  First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." '  [Citation.]  Second, a ' "decision will not be reversed merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " '  [Citation.]  Taken together, these precepts establish that a trial court does not

5

abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at pp. 376-377.)

Here, the trial court considered the *Romero/Williams* factors, including the nature of the current offense, defendant's prior record, and factors related to defendant (e.g., his age, rehabilitative efforts, and behavior in prison) before concluding he did not fall outside of the Three Strikes scheme. The trial court's statement that defendant was an adult and not a "juvenile" at the time of the commitment offense does not reflect the trial court's misunderstanding of California law concerning youthful offenders. Rather, it was an accurate statement in direct response to defendant's own statement at the hearing.[3] That defendant had been a youthful offender was recognized in the parole risk assessment considered by the trial court.

We also reject defendant's argument that the trial court erred by relying on custodial records that insufficiently detailed the circumstances surrounding his rule violations. Defendant has provided no authority that the trial court was not entitled to rely upon Department records concerning these violations, nor was he prevented from providing additional context to those violations. Section 1172.75, subdivision (d)(3) expressly includes consideration of "the disciplinary record … of the defendant while incarcerated." Accordingly, defendant has not established any of the narrow circumstances under which a court may be said to have abused its discretion by denying a motion to strike a prior strike. (See, e.g., *People v. Carmony*, *supra*, 33 Cal.4th at pp. 376-378 [the limited circumstances where a court may be said to have abused its

---

[3] A "juvenile" is defined as "a person who has not reached the age (usu[ally] 18) at which one should be treated as an adult by the criminal-justice system; minor." (Black's Law Dict. (9th ed. 2009) p. 245, col. 2; some capitalization omitted.) This is consistent with the juvenile court's jurisdiction over individuals aged 12 to 17 who refuse reasonable directions of parents/guardians (Welf. & Inst. Code, § 601) and/or violate the criminal law (Welf. & Inst. Code, § 602). Thus, defendant's description of himself as a juvenile at age 20 was inaccurate.

discretion by refusing to strike a prior strike include where the court is unaware of its discretion, considered impermissible factors, or was arbitrary or capricious in reaching its determination].)  Therefore, we must deny this claim.  (*Ibid.*)

DISPOSITION

The judgment is affirmed.


/s/
ROBIE, J.

We concur:


/s/
EARL, P. J.


/s/
MAURO, J.